IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC M. ROBINSON,<br><br>        Plaintiff,<br><br>vs.<br><br>THE LANCASTER COUNTY COURT, Court Rep. for State of Neb; THE LANCASTER COUNTY DISTRICT COURT, Court Rep. for State of Neb.; NEBRASKA COURT OF APPEALS, Court Rep. for the State of Neb.; and THE NEBRASKA SUPREME COURT, Court Rep. for the State of Neb;<br><br>        Defendants. | 8:18CV111<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff Eric M. Robinson ("Robinson") filed a Complaint (filing no. 1) under 42 U.S.C. § 1983. He has also filed additional motions and supplemental materials. (Filing Nos. 16, 18, 20, 21, & 23–27.) The court granted Robinson leave to proceed in forma pauperis. (Filing No. 15.) The court now conducts an initial review of Robinson's pleadings to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).

**I. SUMMARY OF COMPLAINT AND ADDITIONAL PLEADINGS**

Robinson filed his Complaint on March 7, 2018, seeking relief pursuant to 42 U.S.C. § 1983 against the Lancaster County and District Courts of Nebraska, the Nebraska Court of Appeals, and the Nebraska Supreme Court (collectively "the Nebraska state courts"). In his 65-page Complaint, Robinson alleges that the Nebraska state courts have violated his "First Amendment right to petition the government for a redress of grievance by intentionally neglecting said courts'

obligation to Article I, Section 13 of the Nebraska State Constitution to, without delay, remedy matters of [Robinson's] violated 6th and 14th Amendment right to effective counsel in order to secure the right to due process of law fair trial resources" for overturning Robinson's unlawful convictions. (Filing No. 1 at CM/ECF pp. 4–5.)[1]

Robinson also claims he was unlawfully incarcerated as a result of various state court criminal proceedings and the Nebraska state courts have acted to deny him the "defense owed." (*See id*. at CM/ECF pp. 12–13, 15, 20.) In particular, Robinson asserts that Judge Acton of the Lancaster County Court "forged . . . a CR14-9536 Case Action Summary" on September 16, 2014, "to fraud the satisfaction of attorney withdraw[al] matters that were not adjudged by Judge Acton in concerns with Sandford Pollack's withdraw[al] . . . on [September 13,] 2014, that Judge Foster sustained at a formal hearings conference on [September 15,] 2014," at which Robinson appeared. (*Id*. at CM/ECF pp. 21–22.) Robinson alleges Judge Acton's "forgery" appointed Bill Chapin when no motion for substitute counsel or order appointing replacement counsel had been made at the September 15, 2014 formal hearings conference and thereby denied Robinson's right to proceed pro se. (*Id*. at CM/ECF p. 22.) However, Robinson also alleges that Chapin was bound to Robinson as his "counsel of choice" in Lancaster County Court Case CR15-13365 and asserts he was owed the counsel of his choice in his other state criminal proceedings. (*Id*. at CM/ECF pp. 27–33.)

Robinson alleges he has suffered a "broad spectrum" of injuries based on Judge Acton's "malfeasance that recruited and redirected [Robinson's] counsel of his choice at court cost, Bill Chapin." (*Id*. at CM/ECF p. 38.) As relief, Robinson seeks to have "all of [his] criminal convictions attached to Judge Acton, . . . Judge Phillips, . . . Judge Yardley, [and] Judge Otte from 2014 [until] now . . . abolished and counsel of choice at whatever the cost to the state . . . awarded immediately."

---

[1] Spelling, punctuation, and capitalization are corrected throughout this Memorandum and Order.

(*Id.* at CM/ECF pp. 43–44.) Robinson also requests damages in the amount of the "daily per diem to cover my living expenses, equivalent to the daily unlawful incarceration pay rate while [he is] pursuing damages from the State of Nebraska." (*Id.* at CM/ECF pp. 44–45.)

Attached to Robinson's Complaint are approximately 26 pages consisting of various state county, district, and appellate court records from Robinson's criminal proceedings in those courts along with Robinson's handwritten commentary. (*Id.* at CM/ECF pp. 66–92.) In addition, Robinson has filed a supplement (filing no. 23) and eight motions for supplemental filings (filing nos. 16, 18, 20, 21, & 24–27)[2] totaling approximately 342 pages and consisting of various state court records from Robinson's county, district, and appellate court proceedings along with Robinson's handwritten or typed commentary, ramblings, and frustrations related to those various proceedings. With the exception of one motion (filing no. 20), all of Robinson's supplemental pleadings and motions are identical to pleadings filed by Robinson in his other civil action at Case Number 8:18CV73, in which Robinson raised claims similar to those here. The court recently dismissed Robinson's action at 8:18CV73 without prejudice because, *inter alia*, Robinson's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Filing No. 37, Case No. 8:18CV73.)

As additional background, the court notes that Robinson previously filed an action in this court at Case Number 8:17CV204 seeking a writ of mandamus related to his state criminal proceedings which the court dismissed without prejudice. (*See* Filing Nos. 28 & 29, Case No. 8:17CV204.) Robinson also currently has other pending cases in this court related to his state criminal

---

[2] The Clerk of Court advised Robinson that two of his motions (filing nos. 16 & 18) were unsigned and therefore deficient. The Clerk of Court directed Robinson to "correct the deficiency" (i.e., file a signed copy of the motion) within 15 days, or the pleading "may be stricken from the record of this case." (TEXT ORDERS, Filing Nos. 17 & 19.) Robinson did not specifically respond to the deficiency notice, but close examination of Robinson's motion in Filing No. 20 reveals that Robinson included a signed copy of the deficient motion from Filing Nos. 16 and 18. Accordingly, the court will consider Filing Nos. 16 and 18, which are essentially identical, in conducting this initial review.

proceedings. *See* 4:18CV3154 (§ 2241 habeas), 8:19CV42 (§ 2241 habeas), and 8:19CV43 (§ 2254 habeas).

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Robinson alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting

4

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Robinson's Complaint with its hundreds of pages of additional motions and supplemental materials does not comply with Federal Rule of Civil Procedure 8, which states that a pleading must contain "*a short and plain statement of the claim showing that the pleader is entitled to relief.*" (emphasis added) The court has warned Robinson in his previous litigation in this court that he must comply with Rule 8 in any complaint he files against state officials. (*See, e.g.*, Filing No. 28, Case No. 8:17CV204.) In addition to this basic pleading deficiency, the most liberal construction of Robinson's pleadings fails to suggest that he is entitled to relief.

Liberally construed, Robinson sues the Lancaster County Court, the Lancaster County District Court, the Nebraska Court of Appeals, and the Nebraska Supreme Court for First Amendment and due process violations. Robinson's claims for damages against the Nebraska state courts necessarily fail because "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment." *Harris v. Missouri Ct. of App.*, 787 F.2d 427, 429 (8th Cir. 1986). The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law and a court is not a "person" within the meaning of § 1983. *Harris*, 787 F.2d at 429. As such, Robinson's claims against the Nebraska state courts must be dismissed.

The court finds it unnecessary to grant Robinson an opportunity to amend his Complaint to assert his claims against a proper defendant[3] because Robinson's claims also are barred by *Heck v. Humphrey*. Robinson alleges that he has been unlawfully convicted and/or incarcerated in several state court criminal cases and seeks to have his state convictions from 2014 to the present abolished. In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. 477, 486–87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011) (*Heck* applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying

---

[3] For the sake of completeness, the court notes that to the extent Robinson's Complaint asserts claims against Judge Acton, any claims against Judge Acton in his official capacity would be barred by sovereign immunity. *See Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state). Moreover, any claims against Judge Acton in his individual capacity would be barred by judicial immunity. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Robinson alleges no facts suggesting Judge Acton's actions fell outside the scope of his duties as a judge presiding over a criminal case or that Judge Acton acted without jurisdiction. Robinson's conclusory allegations of fraud are insufficient.

*Heck* exist). Robinson did not assert that his convictions have been set aside or otherwise held invalid, and therefore, Robinson has not stated a cognizable claim under § 1983.

As the court previously indicated to Robinson, (filing no. 28, Case No. 8:17CV204), if Robinson actually seeks federal habeas corpus relief, i.e. to invalidate his convictions, he must first exhaust his state court remedies, specifically through the state court appellate system; file separate habeas corpus petitions for each state court judgment;[4] and any habeas action will be subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241(d)(1); 28 U.S.C. § 2254(b) and (c); Rule 2(e) of the *Rules Governing Habeas Corpus Cases Under Section 2254*.

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice.

2. All pending motions (filing nos. 16, 18, 20, 21, & 24–27) are denied as moot.

3. A separate judgment will be entered.

Dated this 14th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[4] As noted above, Robinson has filed three habeas actions in this court which are pending initial review.