IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ERIC M. ROBINSON, | |
|---|---|
| Plaintiff, | 8:18CV111 |
| vs. | |
| THE LANCASTER COUNTY COURT, Court Rep. for State of Neb; THE LANCASTER COUNTY DISTRICT COURT, Court Rep. for State of Neb.; NEBRASKA COURT OF APPEALS, Court Rep. for the State of Neb.; and THE NEBRASKA SUPREME COURT, Court Rep. for the State of Neb; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on Plaintiff Eric M. Robinson's ("Plaintiff" or "Robinson") Motion for Reconsideration (filing no. 32) and Motion for Supplemental Filing (filing no. 34). The court grants Robinson's Motion for Supplemental Filing to the extent it will be considered part of his motion for reconsideration along with the other supplemental materials he filed. (*See* Filing Nos. 33 & 35.)[1] Robinson filed an identical motion and supplemental materials in his related, closed case at Case No. 8:18CV73, and the court denied him relief from the court's judgment. (*See* Filing No. 44, Case No. 8:18CV73.) The court reaches the same conclusion here.

Because Robinson has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion for reconsideration, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule

---

[1] The court notes that Robinson's motion and supplemental materials total approximately 130 pages.

60(b) motion for relief from judgment.[2] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Here, Robinson asks the court to reconsider its Memorandum and Order and Judgment (filing nos. 30 & 31) entered on March 14, 2019, dismissing Robinson's 42 U.S.C. § 1983 Complaint (filing no. 1) without prejudice because, *inter alia* and

---

[2] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). Plaintiff's motion was timely filed on March 25, 2019.

as best the court can determine, the court failed to consider all the materials filed in support of the Complaint, failed to liberally construe Robinson's pleadings, and generally failed to give adequate consideration to Robinson's claims. The court is unmoved by Robinson's arguments but will address some which warrant further comment.

Robinson takes issue with the court's characterization of his pleadings as full of "ramblings, frustrations, and commentary" and asserts that the court misused Rule 8 of the Federal Rules of Civil Procedure to avoid giving his pleadings the proper liberal construction due to pro se litigants' pleadings. (*See, e.g.*, Filing No. 33 at CM/ECF pp. 17–20.) The court addressed this argument in ruling on Robinson's motion filed in Case No. 8:18CV73 and reiterates that the court has done its best in liberally construing Robinson's Complaint and supplemental pleadings, but liberal construction can only go so far. Moreover, the court's obligation to liberally construe Robinson's pleadings does not relieve him from compliance with the Federal Rules of Civil Procedure, including Rule 8. *See* NEGenR 1.3(g) (pro se litigants are "bound by and must comply with all local and federal procedural rules"); *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam) (concluding pro se litigants are not excused from compliance with procedural and local rules). Thus, the court finds no reason to revisit its determination that Robinson's Complaint fails to comply with Rule 8.

Most of the other arguments raised by Robinson appear to relate to the action in Case No. 8:18CV73. Here, the court dismissed Robinson's § 1983 Complaint because his claims against the state court Defendants were barred by Eleventh Amendment immunity and the state court Defendants are not "persons" within the meaning of § 1983. (Filing No. 30 at CM/ECF p. 5.) The court declined to give Robinson leave to amend his Complaint because his claims challenging his state court convictions are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The court has reviewed the entirety of Robinson's motion and supplemental materials and concludes Robinson has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of

dismissal. He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Reconsideration (filing no. 32) is denied.

2. Plaintiff's Motion for Supplemental Filing (filing no. 34) is granted in accordance with this Memorandum and Order.

Dated this 3rd day of January, 2020.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge